UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |  |
|---|---|
| RICHARD P. HOBBS, <br><br> Plaintiff, <br><br> -against- <br><br> EMAS PROPERTIES, INC., et al., <br><br> Defendants. | 17-CV-0948 (CM) <br><br> ORDER |

COLLEEN McMAHON, United States District Judge:

By order dated April 6, 2017, the Court granted Plaintiff, who appears *pro se*, leave to file an amended complaint within sixty days of the date of that order. The Court warned Plaintiff that if he failed to comply with that order, the Court would dismiss this action for failure to state a claim on which relief may be granted. Plaintiff did not file an amended complaint. Accordingly, by order and judgment dated July 19, 2017, and entered the next day, the Court dismissed this action for failure to state a claim on which relief may be granted.

On November 26, 2018 – one year, four months, and seven days after the date on which the Clerk of Court entered the order of dismissal and judgment – Plaintiff filed a motion in which he asks the Court to "reconsider its actions," and an accompanying declaration. (ECF Nos. 8-9.) The Court construes Plaintiff's motion as seeking relief, under Rule 60(b) of the Federal Rules of Civil Procedure, from the Court's July 19, 2017 order of dismissal and judgment. For the reasons discussed below, the Court denies the motion.

## BACKGROUND

In his motion, Plaintiff asks for the opportunity to amend his complaint. He asserts that he is disabled and that on December 10, 2018, he had to appear *pro se* in a proceeding in the Yonkers City Court "because Legal Services refused to accept his case." (ECF No. 8.) In his

accompanying declaration, he asserts that he is wheelchair-bound and is "fighting eviction." (ECF No. 9, at 1.) He also asserts that shortly after he filed his complaint, he became "totally blind from several causes," and that he was also "very sick." (*Id.*) He states that he was treated in a hospital, in isolation, for four months, and that he then convalesced in a nursing home until the beginning of February 2018; he seems to assert that during that period, he "was incapacitated." (*Id.*) He alleges that as a result of surgery, he has regained his sight, "but could go blind again." He also states that his doctors wanted to amputate his right foot, but he would not let them. (*Id.* at 2.)

## DISCUSSION

**Rule 60(b) of the Federal Rules of Civil Procedure**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

A motion seeking relief under any of the first three clauses of Rule 60(b) must be brought within one year of the date of entry of the order or judgment challenged. Fed. R. Civ. P. 60(c)(1). Because Plaintiff filed his motion more than one year after the date of entry of the order of dismissal and judgment, any relief he seeks under Rule 60(b)(1), (2), or (3) is time-barred. *See id.* And even if Plaintiff's motion, to the extent that it seeks that relief, were not time-barred,

2

Plaintiff has failed to allege facts demonstrating that any of the grounds listed in Rule 60(b)(1) through (5) apply. Accordingly, the Court denies Plaintiff relief under Rule 60(b)(1) through (5).

"Rule 60(b)(6) does not have a one year limit, but instead requires that the motion must be made within a 'reasonable time.'" *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006); Fed. R. Civ. P. 60(c)(1). "To determine the timeliness of a motion brought pursuant to Rule 60(b)(6), we look at the particular circumstance of each case and 'balance the interest in finality with the reasons for delay.'" *Grace*, 443 F.3d at 190 n.8 (citation omitted). "Notably, a Rule 60(b)(6) motion requires 'extraordinary circumstances,' which 'typically do not exist where the applicant fails to move for relief promptly.'" *Id.* (citations omitted); *see also Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987) ("Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties.") (citations omitted).

A Rule 60(b)(6) motion "must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (alteration in original, internal quotation marks omitted). And "[t]he Supreme Court has defined extraordinary circumstances that justify relief under Rule 60(b)(6) motions as errors which rise above 'excusable neglect.'" *Hamilton v. Lee*, 188 F. Supp. 3d 221, 239 (E.D.N.Y. 2016) (quoting *Klapprott v. United States*, 335 U.S. 601, 613 (1949)), *aff'd on other grounds*, 707 F. App'x 12 (2d Cir. 2017) (summary order), *cert. denied sub nom.*, *Hamilton v. Griffin*, 138 S. Ct. 668 (2018).

Plaintiff filed his complaint on February 7, 2017. In his declaration in support of his motion, Plaintiff asserts the following facts: Shortly after he filed his complaint, he became

3

totally blind. (ECF No. 9, at 1.) He was hospitalized for four months and thereafter convalesced in a nursing home until the beginning of February 2018. (*Id.*) During that period, he was incapacitated. (*Id.*) He also had to appear *pro se* before the Yonkers City Court on December 10, 2018. (ECF No. 8; ECF No. 9, at 2.)

The Court issued its April 6, 2017 order to amend, and later, its July 19, 2017 order of dismissal and judgment, all while Plaintiff was allegedly hospitalized and convalescing. It is therefore understandable that Plaintiff did not comply the Court's order to amend or, after the Court had dismissed this action, he did not immediately seek relief from the Court's order of dismissal and judgment. Plaintiff seems to assert that his period of incapacity ended in the beginning of February 2018. But he does not explain why he waited almost ten months, until November 26, 2018, to file his 60(b) motion.

The Court understands that Plaintiff's disabilities, medical treatment, and convalescence have likely made litigating this action difficult; the Court made a similar acknowledgment in the April 17, 2017 order to amend. (ECF No. 5, at 4.) ("The Court understands that because of Plaintiff's visual impairment and other disabilities, Plaintiff will likely have difficulty preparing an amended complaint by himself. The Court therefore encourages Plaintiff to seek the assistance of another person in preparing his amended complaint."). But to the extent that Plaintiff seeks relief under Rule 60(b)(6), he has failed to show that he filed his motion within a reasonable time and that extraordinary circumstances exist to warrant such relief. The Court therefore denies Plaintiff relief under Rule 60(b)(6).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court construes Plaintiff's motion (ECF No. 8) as one seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion.

The Court also directs the Clerk of Court to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 3, 2019
        New York, New York

                                                COLLEEN McMAHON
                                              Chief United States District Judge